The opinion of the court was delivered by
Marr, J.
This suit was brought to injoin, and to have declared null, the judgment in the suit of Bienvenu v. Factors’ and Traders’ Insurance Company, and others, Morris, appellant, which we have just disposed of on the motion to dismiss.
The petition charges that Morris is the ownei’, and has been in possession for some three years, of the property claimed by Bienvenu in the suit against the Factors’ and Traders’ Insurance Company, and others : that he is a citizen of the State of New York : that while preserving his citizenship in that State, where he has a summer residence, Jhe has for six or more years past had a dwelling-house, and been a *879 housekeeper in the city of New Orleans, where he spends the winter; and that he is not an absentee within the meaning of the Codes, which authorize the fictitious citation through a curator ad hoc.
The petition goes on to state the bringing of the suit by Bienvenu, and his prayer that Morris be cited through a curator ad hoc, and judgment rendered against him for the ownership of the property; and it charges that, “ your petitioner was not an absentee, but had a residence in New Orleans, and could not be brought into court by a curator ad hoc; that, in fact, no curator- ad hoc was ever appointed; and that no citation was ever served by posting on the door of the room where the court is held, as required by law.”
The defendant, Bienvenu, excepted on several grounds, one of which was that a suit to annul a judgment can not be maintained without making all those who were parties to the original suit parties to the suit in nullity; and another was that the action of nullity will not lie pending an appeal involving the alleged causes of nullity.
The judgment of the district court maintained the exceptions, and dismissed the suit, with $250, in damages against plaintiff and his surety on the injunction bond in solido; and they appealed.
The original suit was an action of partition; and Morris was made a party because he claimed to be the owner of the property which Bienvenu claimed. The judgment decreed that the property belonged equally, in indiviso, to Marchand, the Factors’ and Traders’ Insurance -Company, and Bienvenu; and it referred them to a notary to make the partition in kind. We do not think that Morris, a defendant in that suit, could disturb that judgment without making all the parties to it parties to the proceeding, whether by appeal, or by action of nullity.
We do not think an action of nullity can be maintained pending an appeal involving the same issues. Possibly there might be such a showing mad e, prima facie, of the absolute nullity of the judgment as would authorize the court in which it was rendered to suspend the execution by injunction pending an appeal not suspensive; but it would be the right of the appellee, thus injoined, to have the reality and the sufficiency in law of the alleged causes of injunction determined summarily on exception or motion to dissolve.
Counsel for appellee argues that there is no proof in the record that the value in dispute exceeds $500 ; and, therefore, it is not shown that the case falls within the jurisdiction of this court. The description of the property, and the admission on the trial in the district court, ■that it is leased for $30 a month, suffice to establish a value exceeding $500.
The distinct grounds of nullity set up in the petition may be thus -condensed and stated:
*880 1. That plaintiff in injunction was not absent in the sense that the court was authorized to appoint a curator acl hoc to represent him.
2. That no curator ad hoc was appointed.
3. That no citation was served by posting on the door of the cour-troom.
First. The R. C. C., article 56, requires the judge before whom a suit is pending against an absentee who has no known agent in the State, etc., to appoint a curator ad hoc to defend him in the suit'; and' the R. C. P., article 116, requires the plaintiff who intends to institute a suit against a person who is absent and not represented in the State, to demand that a curator ad hoc be named to defend the suit. If, therefore, Morris was an “.absentee,” within the meaning of the Civil Code, or was “ absent,” in the sense of article 116 of the Code of Practice, he was in that condition which authorizes and requires the appointment of a curator ad hoc.
According to the Civil Code, article 3556, number 3 : “An absentee is a person who has resided in the State, and has departed, without leaving any one to represent him.
“ It means, also, the person who never was domiciliated in the State, and resides abroad.”
By the Constitution of the United States, fourteenth amendment, all persons born or naturalized in the United States are citizens of the United States, and of the State wherein they reside ; and by the Constitution of Louisiana, article 2, all persons born or naturalized in the United States, “and residents of this State for one year, are citizens of this State.”
No one can claim the privileges of a citizen of two States at the same time. He may have dwelling-houses in two States, and he may occupy and keep house in them at different times ; but he is a citizen of the State in which he resides; and he resides in the State of which he is a citizen, although he may absent himself temporarily. The allegations of the petition fix the legal residence of Morris in the State of New York; and the fact that he has had a dwelling-house, and been a housekeeper in New Orleans for six or more years past, where he spends the winter, is of no greater significance than if he had occupied,apartments in a hotel or boarding-house during the winter.
In the sense of the Civil Code Morris was an absentee. He was a mere sojourner in New Orleans during the winter, and he was absent from the State whenever he was not actually present in it. It is not pretended that he was present in, nor was he residing in the State when the suit was brought; and in the motion for an appeal, by the curator ad hoc, in February, 1876, he is described as “ a resident of New York.” We entertain no doubt that his status was such as to authorize and *881 require the appointment of a curator ad hoc, to defend the suit brought against him. ->
Second. In Bienvenu v. Factors’ and Traders’ Insurance Company, and others, we have sufficiently considered this ground; and we refer to the opinion just read in that case, in which we decided that Morris was legally represented by B. R. Forman, Esq., appointed by the court curator ad hoc, within the terms and meaning of the Codes. -
Third. We attach no importance to the fact that citation was not posted. Where the property of an absent defendant is attached, the attachment and citation must be served “ by affixing copies of the same on the door of the room where the court in which the suit is pending is held.” R. C. P. article 254 By express law this formality is required in suits by attachment; but it is of so little real value, as notice to the absent defendant, that it can not be extended by implication to cases in which it is not specially required. Cox v. Bradley, 15 A. 529, and Ticknor v. Calhoun, 28 A. 258, relied on by appellant’s counsel, were suits by attachment. In other cases, where an “ advocate,” or “ attorney,” or “ curator ad hoc ” is appointed, service is made by delivering to him in person, or by leaving at his domicile, a copy of the petition and citation. R. C. P. articles 195, 294, 737.
The district court erred in allowing damages against plaintiff and his surety in the injunction bond. It is only where a money judgment is injoined that damages can be awarded on the dissolution, under the acts of 1831, 1832, re-enacted in 1855, p. 325; Rev. Stats. 1870, l 1754, 1755. In other eases, where damages can not be claimed in reconvention, under C. P. article 375, as amended by the act number 53, of 1839, sec. 7, the remedy is by suit on the bond. Robinson v. Freret, 9 A. 303.
It is therefore ordered, adjudged, and decreed that so much of the' judgment appealed from as condemns appellants to pay two hundred and fifty dollars, damages and costs, be avoided and reversed ; that the right of appellee to proceed on the injunction bond against appellants for damages be reserved; and that the said judgment be, in. all other respects, affirmed ; the costs of this appeal to be paid by appellee, and the costs of the district court by appellant, John A. Morris.